**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20990-CIV-ALTONAGA/Reid**

**JAVIER DE LA MONEDA ROSARIO**,

Petitioner,

v.

**WARDEN OF THE KROME NORTH SERVICE PROCESSING CENTER**, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Respondents' Motion to Dismiss for Mootness [ECF No. 8], filed on February 26, 2026. Petitioner, Javier De La Moneda Rosario filed a Response [ECF No. 9]; to which Respondents filed a Reply [ECF No. 11]. The Court has reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is granted.

***Background.*** Petitioner is a Cuban citizen who entered the United States without inspection on July 28, 2022. (*See* Am. Pet. [ECF No. 5] ¶ 24; Reply 3).[1] Two days later, the Department of Homeland of Security charged Petitioner with removability; and on September 17, 2022, Petitioner applied for asylum. (*See* Am. Pet. ¶¶ 25–26). On August 28, 2025, after appearing for immigration proceedings in the Miami Immigration Court, Petitioner was detained by Immigrations & Customs Enforcement ("ICE"). (*See id.* ¶¶ 7, 27–29).

On February 13, 2026, Petitioner initiated this action, filing a Petition for Writ of Habeas Corpus [ECF No. 1] that challenges his detention in the Krome Detention Center in Miami, Florida

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

("Krome"). (*See generally id.*). On February 17, 2026, the Court dismissed the Petition as a shotgun pleading and ordered Petitioner to replead. (*See generally* Feb. 17, 2026 Order [ECF No. 4]). On February 23, 2026, Petitioner filed the Amended Petition. (*See generally* Am. Pet.). In Count I of the Amended Petition, Petitioner contends that Respondents' application of 8 U.S.C. section 1225(b) to detain him violates the Immigration and Nationality Act. (*See id.* ¶¶ 37–42). In Counts II and III, Petitioner asserts that his detention without an individualized bond hearing violates his Fifth Amendment due process rights. (*See id.* ¶¶ 43–57).

On February 26, 2026, Respondents filed the Motion, advising that on February 19, 2026, shortly before Petitioner filed the Amended Petition, Respondents effected Petitioner's removal to Cuba. (*See* Mot. 1 (citations omitted); Am. Pet. ¶ 31 (acknowledging Petitioner's removal)). Respondents assert that because ICE removed Petitioner, ICE is no longer detaining him, and the Petition is moot. (*See* Mot. 1–2). According to Petitioner, "removal does not necessarily render a case moot where the [c]ourt retains the ability to grant meaningful relief" to an alien litigant after his removal. (Resp. 1 (alteration added; citing *Nken v. Holder*, 556 U.S. 418, 435 (2009))).

***Discussion.*** A habeas petition challenging a petitioner's immigration detention generally becomes moot when the petitioner is removed from the country. *See, e.g.*, *Mehmood v. U.S. Att'y Gen.*, 808 F. App'x 911, 912–13 (11th Cir. 2020); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1241–43 (11th Cir. 2002); *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289–90 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." (citations omitted)).

To be sure, "a habeas petition filed by a subsequently deported alien who challenges not only his detention, but also his final order of removal, may survive a mootness challenge." *Id.* at 1290 (citing *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001); other citation omitted). But

where a petitioner "only challenge[s] his detention, and not his final order of removal[,]" "his habeas claim is moot." *Id.* (alterations added).

In the Amended Petition, Petitioner requests a writ of habeas corpus under 28 U.S.C. section 2241. (*See, e.g.*, Am. Pet. ¶¶ 10, 13). As he acknowledges, Petitioner is no longer in Respondents' custody, as they have removed him to Cuba. (*See id.* ¶ 31). The relief Petitioner sought upon filing the Amended Petition (*see id.* ¶ 42 (requesting that the Court "order [Petitioner's] release from detention . . . for the duration of his removal proceedings" or, that the Court "order a constitutionally adequate bond hearing" (alterations added)); *see id.* 13 (requesting relief related only to Petitioner's detention)), is therefore no longer available to him, *see, e.g.*, *Mehmood*, 808 F. App'x at 913 ("[Petitioner's] petition for habeas corpus seeks relief from immigration detention, and that is relief we simply cannot provide because he is no longer detained by ICE[.]" (alterations added; footnote call number omitted)). Thus, the Petition is moot. *See Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." (alteration added; citation omitted)).

The exception that may allow a habeas petition to survive a mootness challenge after the petitioner's deportation does not apply. Petitioner does not challenge a final order of removal; he challenges only his detention pending removal. (*See, e.g.*, Am. Pet. 13, ¶ 42). Indeed, the Amended Petition states that Petitioner was still in removal proceedings upon his removal, and that no final order of removal had yet issued. (*See id.* ¶¶ 3, 31, 34, 48; *but see* Reply 5 (asserting Respondents removed Petitioner under a final order of removal)).

Petitioner asserts that "removal does not necessarily render a case moot where the [c]ourt retains the ability to grant meaningful relief" to an alien litigant after his removal. (Resp. 1

(alteration added; citing *Nken*, 556 U.S. at 435)). To the extent Petitioner contends the Court should order his return to the United States (*see id.* 2), he supplies no basis for such a request or the Court's authority to order his return (*see generally* Am. Pet.; Resp.).

*Nken* does not help Petitioner, as that case concerned the appropriate standard for a court of appeals to stay a removal order pending the court's appellate review of that removal order. *See Nken*, 556 U.S. at 421–23; *see also id.* at 433 (holding that "an alien need not satisfy the demanding standard of [the disputed statute] when asking a court of appeals to stay removal pending judicial review" (alteration added)). While Petitioner appears to focus on *Nken*'s comment that "[a]liens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return," *id.* at 435; (*see also* Resp. 1 (citation omitted)), as explained, this action does not involve review of an order of removal.

***Conclusion.*** Accordingly, it is

**ORDERED AND ADJUDGED** that Respondents' Motion to Dismiss for Mootness **[ECF No. 8]** is **GRANTED**. The Amended Petition **[ECF No. 5]** is **DISMISSED**, and the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 31st day of March, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record